IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Bala Bangles, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 1:22-cv-02477 |
| | ) | |
| v. | ) | |
| | ) | Judge Mary M. Rowland |
| The Entities and Individuals Identified in Annex A, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**FINAL ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

This matter comes before the Court on Bala Bangles, Inc.'s ("Plaintiff") Motion for Default Judgment. Upon consideration of the Motion, Plaintiff's Complaint, and other previously filed documents, the Court hereby grants such Motion and finds and concludes as follows:

**FINDINGS AND CONCLUSIONS**

1.  The Court finds that Plaintiff is the owner of the following registered trademarks ("the Bala Trademarks"):

| Trademark | Status | Class | Reg. / App. No. | Reg./App. Date |
|---|---|---|---|---|
| BALA | Registered | 28 | 5678006 | 02/19/2019 |
| ba\a | Registered | 28 | 6688986 | 04/05/2022 |

1

2. The Court finds that Plaintiff is the owner of the following registered copyrights ("the Copyrights"):

| Title | Status | Type | Reg. No. |
|---|---|---|---|
| Bala Product Pictures 2017 | Registered | Visual Material | VA 2-253-658 |
| Bala Product Pictures 2018 | Registered | Visual Material | VA 2-253-663 |
| Bala Product Pictures 2019 | Registered | Visual Material | VA 2-253-781 |
| Bala Product Pictures 2020 | Registered | Visual Material | VA 2-253-783 |

3. The Court finds that Plaintiff is the owner of all right, title and interest in the following design patent asserted in this matter (the "Design Patent"):

| Title | Status | Reg. No. | Reg. Date |
|---|---|---|---|
| Weighted Exercise Band | Registered | D 888,167 | 6/23/2020 |

4. The Court finds that Plaintiff properly completed service of process on Defendants by providing notice via electronic publication and email, along with any notice that the Defaulting Defendants received from ecommerce platforms, hosts, and payment processors, which was reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and affording them the opportunity to answer and present their objections.

5. The Court finds that the Defendants listed in Exhibit A attached to this Order are now in default because they did not plead or otherwise defend this action within the time prescribed by Fed. R. Civ. P. 12.

6. The Court finds that it has personal jurisdiction over the Defaulting Defendants because the Defaulting Defendants directly target their business activities towards consumers in the United States, including Illinois. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive infringing

websites through which Illinois residents can purchase products infringing one or more of the Bala Trademarks, Copyrights, and/or Plaintiff's Design Patent. The Defaulting Defendants use Plaintiff's intellectual property without permission or consent.

7. The Court finds that Plaintiff prevailed on its claims for federal copyright infringement pursuant to 17 U.S.C. §§ 106 and 501, design patent infringement pursuant to 35 U.S.C. § 271, federal trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114, and false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125 against the respective Defaulting Defendants as referenced in Exhibit A attached to this Order.

8. The Court finds that Defaulting Defendants' respective copyright infringement, design patent infringement, trademark infringement and counterfeiting was willful.

9. The Court finds that Plaintiff will suffer injury for which Plaintiff does not have an adequate remedy at law, if a permanent injunction is not granted.

10. The Court finds that the irreparable harm that the nonmoving parties will suffer if the permanent injunctive relief is granted is outweighed by the potential harm to Plaintiff if an injunction is not issued.

11. The Court finds that the public interest is best served by upholding Plaintiff's rights in its Trademarks, Copyrights, and Design Patent.

Accordingly, the Court issues this Order:

    a. Permanently enjoining Defaulting Defendants from further infringing the Bala Trademarks, Copyrights, and Design Patent;

    b. Permanently restraining Defaulting Defendants from passing off, advertising, marketing, offering to sell, or selling products or inducing others to advertise, market, offer to sell, or sell products that are not authentic, nor authorized

    products in connection with any of the Bala Trademarks or any reproduction, counterfeit, copy, or colorable imitation thereof;

c. Permanently restraining Defaulting Defendants from copying, reproducing, displaying, and creating derivative works of Plaintiff's Copyrighted Material;

d. Permanently restraining Defaulting Defendants from offering for sale, selling and importing any product not authorized by Plaintiff and that includes any reproduction, copy, or colorable imitation of the design claimed in the Design Patent;

e. Permanently enjoining Defaulting Defendants from causing or attempting to cause a likelihood of confusion among consumers between Defaulting Defendants' products and Plaintiff's products;

f. Permanently enjoining Defaulting Defendants from producing, manufacturing, shipping, storing, distributing, or disposing of products that bear any of the Bala Trademarks or any reproduction, counterfeit, copy, or colorable imitation thereof;

g. Permanently enjoining Defaulting Defendants from fraudulently transferring or concealing assets, including but not limited to assets held in electronic accounts associated with or controlled by Defaulting Defendants;

h. Permanently enjoining Defaulting Defendants from committing any acts calculated to cause consumers to believe the Defaulting Defendants' counterfeit products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

i. Permanently enjoining Defaulting Defendants from further infringing the Bala Trademarks and damaging Plaintiff's goodwill;

j. Those in privity with Defaulting Defendants and with actual notice of this Order, including the Defaulting Defendants' respective ecommerce platform providers, such as Alibaba, Aliexpress, Amazon, DHgate, eBay, Etsy, Fruugo, Newegg, Shopify, Walmart, Wish, etc., shall within three (3) business days of receipt of this Order:

   a. disable and cease providing services for any accounts through which Defaulting Defendants, in the past, currently or in the future, engage in the sale of goods using any of the Bala Trademarks, Copyrights, and/or products covered by the Design Patent, including, but not limited to, any accounts associated with the Defaulting Defendants listed on Exhibit A attached to this Order; and

   b. disable any account linked to Defaulting Defendants, linked to any e-mail addresses used by Defaulting Defendants, or linked to any of the Infringing webstores/websites.

k. Pursuant to 17 U.S.C. § 504, Plaintiff is awarded statutory damages from each of the Defaulting Defendants against which a copyright infringement count is asserted in the amount of $150,000 for willful violations of the Copyright Act, and willful use of the Plaintiff's Copyrighted Material;

l. Pursuant to 35 U.S.C. § 289, Plaintiff is awarded profits from each of the Defaulting Defendants listed in Exhibit B to this Order for infringing the

    Design Patent on products sold through at least the Defaulting Defendants' storefronts and seller aliases according to the chart attached as Exhibit B.

m. Pursuant to 15 U.S.C. § 1117(c)(1), Plaintiff is awarded statutory damages from each of the Defaulting Defendants against which a trademark related count is listed in Exhibit A attached to hereto in the amount of $2,000,000 for willful violations of the Lanham Act, and willful use of one or more of the Bala Trademarks in connection with counterfeit products.

n. As to each Defaulting Defendant, until such Defaulting Defendant has paid in full the award of statutory damages against it:

    a. Alibaba, Aliexpress, Amazon, DHgate, eBay, Etsy, Fruugo, Newegg, Shopify, Walmart, and Wish (collectively the "Platforms") and PayPal, Payoneer, WorldFirst, World First Asia Limited, World First Markets Limited, WorldFirst USA, Inc., Bill.com, Pingpong, Payeco, Umpay/Union Mobile Pay, Moneygram, Western Union and any of their subsidiaries (collectively the "Payment Processors") shall, within two (2) business days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants, Defaulting Defendants' Infringing webstores/websites identified in Annex A, except those dismissed, from transferring or disposing of any money or other of Defaulting Defendants' assets.

    b. All monies currently restrained in Defaulting Defendants' financial accounts, including monies held by the Platforms or the Payment Processors are hereby released to Plaintiff as partial payment of the

above-identified damages, and are ordered to release to Plaintiff the amounts from Defaulting Defendants' Platform or Payment Processor accounts within ten (10) business days of receipt of this Order.

c. Plaintiff shall have the ongoing authority to serve this Order on the Platforms or the Payment Processors, banks, savings and loan associations, other payment processors, or other financial institutions via email in the event that any new accounts controlled or operated by Defaulting Defendants are identified. Upon receipt of this Order, the Platforms or the Payment Processors shall within two (2) business days:

   i. Locate all accounts and funds connected to Defaulting Defendants, Defaulting Defendants' Infringing webstores/websites, including, but not limited to, any accounts connected to the information listed in Annex A of the Complaint and any e-mail addresses provided for Defaulting Defendants by third parties;

   ii. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

   iii. Release all monies restrained in Defaulting Defendants' accounts to Plaintiff as partial payment of the above-identified damages within ten (10) business days of receipt of this Order.

o. Allowing Plaintiff to send notice of supplemental proceedings to Defaulting Defendants by e-mail to the e-mail addresses identified in Annex A to the Complaint if Plaintiff identifies any additional online marketplace accounts or financial accounts used or controlled by Defaulting Defendants; and

p. Instructing the Clerk of the Court to release the surety bond posted in this matter in the amount of $10,000 plus applicable or earned interest to Plaintiff's counsel, Marshall, Gerstein & Borun LLP.

**SO ORDERED.**

Dated this 30th day of November, 2022.

_____
Judge Mary M. Rowland